United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| U.S. Bank National Association, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-60193-Civ-Scola |
| | ) | |
| Jurel Rozier, *and others*, | ) | |
| Defendants | ) | |

## Order Requiring Amended Notice Of Removal

     The Court is uncertain if it has subject matter jurisdiction over this case. And this Court has an ever-present obligation to examine jurisdiction before proceeding forward in a case. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Defendant Jurel Rozier removed this foreclosure case from State court earlier this year. The grounds for the removal are not clear. At several points in his removal notice, Rozier indicates that he is removing based on the Court's diversity jurisdiction. (Notice Removal ¶ 2, (citing the diversity-jurisdiction statute, 28 U.S.C. § 1332; ¶ 15 (arguing removal is proper under 28 U.S.C. 1446(c), a subsection addressing removal based on diversity).) But at other points, he appears to be asserting federal-question jurisdiction. (*See id.* at p.2 (titling a section "Federal Question Debt Collection Preemption Grounds for Removal"); ¶ 17 (asserting that the amount in controversy is not important when a case is brought under federal statute).) So, it is not clear whether Rozier is asserting federal-question jurisdiction or diversity jurisdiction.

     The Court does not have federal-question jurisdiction over this case. The complaint filed by U.S. Bank asserts a single count to foreclose a mortgage on real property. A foreclosure suit is a state-law claim. *Cf. Georgia Cas. Co. v. O'Donnell*, 147 So. 267, 268 (1933) ("The method of foreclosure in this state is to have the mortgaged property sold under an order of the court and the proceeds applied in payment of the mortgage debt."). "[T]o be removable on federal-question jurisdiction grounds, the case must arise under federal law. *Madzimoyo v. Bank of N.Y. Mellon Trust Co., N.A.*, 440 F. App'x 728, 730 (11th Cir. 2011). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). But a state-law claim that clearly raises a disputed, substantial federal issue may give rise to federal-question jurisdiction if a federal court can address the

issue "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Madzimoyo*, 440 F. App'x at 730 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). A foreclosure action, which is a traditional state-law remedy, does not give rise to federal-question jurisdiction under the *Grable* analysis despite the fact that federal laws regulate some aspects of the lending industry. *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 617-18 (N.D. Tex. 2005). Even if Rozier were to assert several federal-law counterclaims against U.S. Bank, federal-question jurisdiction would not exist because "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

It is not clear whether diversity jurisdiction exists. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship—that is, every plaintiff is diverse from every defendant. 28 U.S.C. § 1332(a); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). A defendant removing a case to federal court must provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). So if a defendant removes a case based on diversity jurisdiction, the notice of removal must include a statement asserting every party's citizenship and a statement asserting the amount in controversy. Rozier's notice of removal contains neither.

Rozier must file an amended notice of removal. It is clear to the Court that there is no federal-question jurisdiction over this case. But the Court is unsure if diversity jurisdiction exists. To clarify this mystery, and to determine if this Court has subject-matter jurisdiction over this dispute, the Court **orders** Rozier to file an *Amended Notice of Removal* by **April 23, 2014** addressing these issues.

**Done and ordered**, in chambers at Miami, Florida, on April 9 2014.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to*:

Lisa Woodburn
McCalla Raymer, LLC
110 S.E. 6th Street
Suite 2500
Ft. Lauderdale, FL 33301

lxw@mccallaraymer.com
*counsel for U.S. Bank, N.A.*

Lisa Woodburn
McCalla Raymer, LLC
225 E Robinson Street
Suite 660
Orlando, Florida 32801-4321
lisa.woodburn@mccallaraymer.com
*counsel for U.S. Bank, N.A.*

Boulevard Heights Neighborhood Association, Inc.
c/o Guptar Rani
1131 N. 74th Terrace
Hollywood, FL 33024

City of Coral Springs
c/o Mayor of Coral Springs
9551 W. Sample Road
Coral Springs, FL 33065

Jurel Rozier
7040 Tyler Street
Hollywood, FL 33024